[redacted]

**Harold H. KLINGLER, Plaintiff,**

**v.**

**The EXECUTIVE BRANCH OF the UNION KNOWN AS the UNITED STATES OF AMERICA, et al., Defendants.**

**Civ. A. No. 83–V–331–N.**

United States District Court,
M.D. Alabama, N.D.

Sept. 28, 1983.

[redacted]

Harold H. Klingler, Jr., pro se.

Stenley M. Brand, Gen. Counsel to the Clerk, Steven R. Ross, Deputy Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, Washington, D.C., for Legislative Branch, O'Neill and Clerk.

Michael Davidson, Senate Legal Counsel, M. Elizabeth Culbreth, Deputy Senate Legal Counsel, Charles Tiefer, Asst. Senate Legal Counsel, Washington, D.C., for all Senate defendants.

Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., and Curtis L. Muncy, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for Executive Branch of the Union known as the U.S.A.

## OPINION

VARNER, Chief Judge.

Mr. Harold Klingler, Jr., appearing pro se, filed a Bill Quia Timet in this Court on April 14, 1983. Mr. Klingler named as defendants the Executive Branch of the United States, the Legislative Branch of the United States, George Bush as President of the Senate, Thomas P. O'Neill as Speaker of the House, Edmond L. Henshaw as Clerk of the House, and William F. Hildenbrand as

Secretary of the Senate. In his Bill, Mr. Klingler alleges that the Tax Equity and Fiscal Responsibility Act (TEFRA) of 1982 is unconstitutional, since it was enacted contrary to the Origination Clause, Art. 1, § 7, Clause 1, of the United States Constitution.

On December 15, 1981, the House of Representatives approved and sent to the Senate, H.R. 4961, a bill providing for a reduction of federal tax revenue. Once in the Senate, however, H.R. 4961 was amended, with the result, in the words of Mr. Klingler's Bill, that it "did not even remotely resemble the house-passed H.R. 4961." The Senate version of H.R. 4961 did indeed provide for an increase in tax revenue of 98 billion over a three year period. After its amendment in the Senate, the bill was sent to a joint conference committee which passed and sent to both Houses H.R. 97–760, in which the tax increases originating in the Senate version of the bill were retained. Both Houses subsequently approved H.R. 97–760, and the Secretary of the Senate, as well as the Clerk of the House, certified it as originating in the House of Representatives.

Mr. Klingler, both in his pleadings and in oral argument before this Court, has strenuously attacked the proceedings by which H.R. 4961 was enacted into law as being unconstitutional. Klingler bases his argument on Art. 1, § 7, Clause 1 of the United States Constitution, the Origination Clause, which states in part that "all bills for raising revenue shall originate in the House of Representatives...." In both his original and amended Bill Mr. Klingler petitions this Court to "quiet" his fears by "quieting (his) title to (his) rights under Article 1, § 7, Clause 1 of the Constitution of the United States of America." Mr. Klingler would have the Court accomplish this by declaring that the named defendants, along with their agents and employees, violated the Origination Clause by enacting into law a Bill for Raising Revenue which originated in the Senate, rather than the House. Mr. Klingler further petitions the Court to declare Defendants to have falsely certified that TEFRA originated in the House, although they knew this to be untrue. In his original Bill of April 14, 1983, Klingler also petitioned the Court to declare TEFRA as "null and void" because it was enacted in a manner which violated the United States Constitution. Although Klingler seems to have dropped this demand as such from his amended complaint of July 29, 1983, such a result would, of course, follow should the Court accede to Klingler's other two requests for relief. Mr. Klingler also petitions the Court to "quiet (his) title" to all of his rights under the Constitution, as well as to order Defendants to reimburse him for all costs incurred in preparing his case.

The number of defendants in this case is exceeded only by the number of defenses which they raise against Mr. Klingler's complaint. Because this Court believes that its lack of subject matter jurisdiction bars Mr. Klingler's suit from the outset, it will confine its discussion to that area.

In both his pleadings and in oral argument before this Court, Mr. Klingler has maintained that he is concerned less with preventing the collection of a federally imposed tax than with remedying what he perceives as a breach by federal officials of the United States Constitution. Although this Court does not doubt Mr. Klingler's sincerity, it is clear that his requested relief, if granted, would prohibit the processes of federal tax collection. The declaratory relief requested by Klingler is available to a plaintiff in federal court under 28 U.S.C. § 2201, which states:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes ..., any court of the United States, ... may declare the rights and other legal relations of any interested party...

Mr. Klingler's case is thus clearly excluded from the jurisdiction of this Court by the terms of the statute. Additionally, his suit is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a) which states that:

> ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, ...

The exceptions contained in both statutes are inapplicable to Mr. Klingler's case. Nor

does the constitutional nature of Klingler's challenge to TEFRA save his suit from the Anti-Injunction Act. In *Alexander v. Americans United,* 416 U.S. 752, 759, 94 S.Ct. 2053, 2057, 40 L.Ed.2d 518 (1974), the Supreme Court stated that it is "unmistakably clear that the constitutional nature of a taxpayer's claim, as distinct from its probability of success, is of no consequence under the Anti-Injunction Act." *Cf. Lewis v. Reagan,* 516 F.Supp. 548 (D.C.D.C.1981) (windfall profit tax on domestic crude oil upheld despite constitutional challenge).

Although this Court is not unmindful of Mr. Klingler's sincere desire to protect the Constitution of the United States from any breach by federal officials, it is not the forum in which he should be litigating his claims. Should Mr. Klingler feel further compelled to litigate the legality of TEFRA, he should do so by means of a refund suit to recover any taxes which he has paid as a result of that law.

Defendants' motions to dismiss will be granted and an order entered to that effect.